UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT GONZALEZ GALVAN, | ) | 1:09-cv-01872-JLT HC |
| Petitioner, | ) ) ) | ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION WITHIN THIRTY DAYS |
| v. | ) ) ) | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |
| JIM HAMLET, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The instant petition was originally filed on October 23, 2009, on a form entitled "Petition for Issuance of Certificate of Appealability on Appeal From Denial of Writ of Habeas Corpus." (Doc. 1). In his filing, Petitioner alleges that his petition pursuant to 28 U.S.C. § 2254 was denied in this Court on June 11, 2008, and that he filed a notice of appeal from said denial. (Doc. 1, p. 2). However, Petitioner does not indicate the prior case number in this Court, the nature of the claims raised in that previous petition, nor does he indicate the present status of his appeal from the Court's denial of that petition. Rather, he appears to be raising anew the issues in this "petition" relating to the restitution fine imposed in his state court sentence.

///

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules governing § 2254 Cases.

A federal court may only grant a petition for writ of habeas corpus if a petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). A petition for writ of habeas corpus must therefore specify the grounds for relief. Rule 2(c) of the Rules Governing Section 2254 Cases. The petition must also allege the facts surrounding the petitioner's incarceration. 28 U.S.C. § 2242. The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>United States v. Poopola</u>, 881 F.2d 811, 812 (9th Cir. 1989). In addition, a petition presented in *pro se* must be upon the form approved by the court. Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 190. This rule ensures that all information needed is before the court. Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief. If a petition contains no grounds entitling the petitioner to habeas corpus relief, the Court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases.

Filing an incomplete or incorrect form petition is inadequate, and requires the Court to expend considerable time and resources attempting to determine which claims Petitioner seeks to raise before this Court. It is unreasonable to expect the Court to take on such a task when the responsibility to inform the Court lies solely with Petitioner.[1] The proper use of the form petition results in administrative convenience of benefit to both Petitioner and the Court.

Here, Petitioner has filed his petition on a form that purports to seek a certificate of appealability for an appeal he has initiated as to a prior petition that was either denied or dismissed.

---

[1] Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments.

However, as mentioned, Petitioner provides no further information regarding the prior proceedings, and the Court has been unable to locate any prior proceedings in this Court under Petitioner's name.

Without such basic information as when Petitioner was convicted, in what court Petitioner was convicted, the dates of his direct appeal, if any, and the efforts, if any, Petitioner has made to present his claims to the California Supreme Court, the Court is unable to undertake its statutory duty to preliminarily screen the petition and make a preliminary determination whether Petitioner's claims have been exhausted or whether Petitioner has filed his petition within the applicable statute of limitations period pursuant to 28 U.S.C. §2244(d)(1).[2]

However, the Court will provide Petitioner with the opportunity to file an amended petition on the proper form for a federal writ of habeas corpus. Petitioner must fill out the form habeas corpus petition in its entirety for the Court to properly conduct its preliminary screening duties. In his amended petition, Petitioner must also tell the Court which claims were raised, in which courts, and when those courts denied said claims. This information must include the dates of filing and disposition in order to allow the Court to determine whether Petitioner has exhausted his state remedies and is in compliance with the limitations period prescribed by 28 U.S.C. §2244(d)(1). Without this information, the Court cannot proceed to the merits of the petition. Thus, Petitioner must resubmit the form petition once it has been completely filled out as stated on the form.[3]

Accordingly, it is HEREBY ORDERED:

1. Petitioner SHALL AMEND THE PETITION to state the grounds raised at each court and the date each court ruled on each petition for writ of habeas corpus by filling out the form petition **in its entirety** within thirty (30) days of the date of service of this

---

[2] Petitioner should note that a one year period of limitations exists for cases filed pursuant to §2254. In most cases, the one year limitation period starts to run on the date the California Supreme Court denied the petitioner's direct review. The limitations period is tolled while a properly filed request for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). However, the running of the limitation period is *not tolled* for the time an application for post-conviction or collateral review is pending in *federal* court. Duncan v. Walker, 533 U.S. 167, 181 (2001); see also, Sperling v. White, 30 F. Supp.2d 1246, 1250 (C.D. Cal. 1998).

[3] If, on the other hand, Petitioner is truly seeking only the issuance of a certificate of appealability in a prior petition, Petitioner should notify the Court of that fact and provide information regarding the case number for the prior petition for which a certificate of appealability is requested. The Court will then dismiss the instant petition and improperly opened and rule on the request for a certificate of appealability under the case number of the prior petition.

1 order. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner should also note that every pleading to which an amendment is permitted *must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.* Local Rule 15-220.

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal prisoners filing pursuant to § 2254.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **January 19, 2010**                                   /s/ Jennifer L. Thurston
                                                                                   UNITED STATES MAGISTRATE JUDGE