# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT GONZALEZ GALVAN, | ) | 1:09-cv-01872-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | AMENDED PETITION SHOULD NOT BE |
| v. | ) | DISMISSED  FOR VIOLATION OF THE |
| | ) | ONE-YEAR STATUTE OF LIMITATIONS |
| DERRAL ADAMS, | ) | AND FOR LACK OF EXHAUSTION  (Doc. |
| | ) | 10) |
| Respondent. | ) | |
| | ) | ORDER DISMISSING GROUND TWO IN |
| | ) | THE AMENDED PETITION FOR FAILURE |
| | | TO STATE A COGNIZABLE HABEAS |
| | | CLAIM (Doc. 11) |

ORDER DIRECTING PETITIONER TO FILE
A RESPONSE WITHIN THIRTY DAYS

## **PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   On November 2, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 3).

Because of the unusual nature of this case's procedural history, the Court feels obliged to set forth that history in some detail.  The instant federal petition for writ of habeas corpus was filed on

1

1    October 20, 2009.[1]  Because the original petition was filed on a form entitled "Petition for Issuance

2    of Certificate of Appealability On Appeal From Denial of Writ of Habeas Corpus," and because that

3    form failed to include sufficient information for the Court to conduct its preliminary screening, the

4    Court, on January 19, 2010, ordered Petitioner to file an amended petition within thirty days.  (Doc.

5    6).  The Court ordered the Clerk of the Court to send Petitioner a form for filing a petition for writ of

6    habeas corpus pursuant to 28 U.S.C. § 2254.

7            On February 16, 2010, the Court's electronic docket indicates that Petitioner filed a federal

8    petition in this Court that he may have intended to be the amended petition in this case.  However,

9    the document was not identified as an "amended petition;" therefore, the Clerk of the Court,

10   believing it to be a new case, assigned the document a case number of 1:10-cv-00251-LJO-DLB.  A

11   review of that case's docket indicates that the petition in case number 1:10-cv-00251-LJO-DLB

12   challenged Petitioner's October 30, 2000 conviction in the Fresno County Superior Court and raised

13   two claims: (1) the plea agreement was involuntary because Petitioner misunderstood the

14   consequences, i.e., the "excessive" restitution fine; and (2) trial court error in imposing an excessive

15   restitution fine.

16          On March 17, 2010, the Magistrate Judge assigned to case number 1:10-00251-LJO-DLB

17   issued Findings and Recommendations to dismiss Ground Two as non-cognizable in a habeas

18   proceedings.  (Doc. 6).  On April 15, 2010, the District Judge adopted those Findings and

19   Recommendations and dismissed Ground Two.  (Doc. 7).  On April 29, 2010, the Magistrate Judge

20   in that case ordered Respondent to file a response to the remaining claim, i.e., Ground One.  (Doc.

21

22          [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
     deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
23   clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
     mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
24   adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
     Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
25   AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on
     other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the
26   earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v.
     Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal
27   petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature
     appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for
28   calculating the running of the statute of limitation.  Petitioner signed the original petition on October 20, 2009.  (Doc. 1, p.
     15).

1 | 9).  On June 22, 2010, Respondent filed a motion to dismiss Ground One as untimely and as being

2 | unexhausted.  (Doc. 13).

3 |       Meanwhile, in this case, the Magistrate Judge, unaware that what appears to be the amended

4 | petition was actually filed by the Clerk of the Court as a new case and assigned case number 1:10-cv-

5 | 00251-LJO-DLB, assumed that Petitioner had not complied with the Court's order of January 19,

6 | 2010 to file an amended petition, and therefore, on April 5, 2010, issued an Order to Show Cause

7 | why the petition should not be dismissed for failure to comply with the Court's prior order.  (Doc. 7).

8 | On April 19, 2010, Petitioner filed a response, stating in part, "On January [sic] I did file a amended

9 | petition on a proper habeas corpus form approved by the court.  I do apologize.  I was under the

10 | imprission [sic] that this was done.  I'm requesting an extension of time to file an amended petition."

11 | (Doc. 8).  On April 21, 2010, the Court, still unaware of case number 1:10-00251-LJO-DLB, issued

12 | an order granting Petitioner thirty days within which to file his amended petition.  (Doc. 9).  On May

13 | 10, 2010, Petitioner filed the instant first amended petition, raising three claims: (1) involuntary plea

14 | agreement due to Petitioner's mental condition at the time; (2) illegal and excessive restitution fine;

15 | and (3) ineffective assistance of counsel in failing to object to the illegal and excessive restitution

16 | fine.  (Doc. 10).

17 |       In cases such as this, where a copy of a petition or an amended petition has inadvertently

18 | been given a new case number and a second case has been opened, the Court would either

19 | consolidate those cases using the lower case number and construe the petition filed in the "new" case

20 | as an amended petition in the "old" case, or would dismiss the later case outright as duplicative if the

21 | two pleadings raised identical issues.  Unfortunately, however, neither alternative appears practical

22 | in this situation because the "first amended petition" in this case contains a claim, i.e., ineffective

23 | assistance of counsel, not included in the petition in case number 1:10-00251-LJO-DLB.  Moreover,

24 | the cases are at different stages of litigation: the restitution claim in the latter case has already been

25 | dismissed by the District Judge in that case and Respondent has already responded to the remaining

26 | claim of an involuntary plea by claiming it should be dismissed as untimely and unexhausted.

27 | Therefore, despite the obvious duplication of Court resources involved in addressing Petitioner's

28 | claims twice in separate cases before different judges, the two cases will nevertheless be allowed to

1  proceed as they are presented postured.  However, the Court will take judicial notice of the Court's

2  rulings in case number 1:10-00251-LJO-DLB and the documents filed therein.

3     After conducting a preliminary review of the first amended petition, it appears that the

4  petition is untimely and should therefore be dismissed.   It also appears that the claims raised therein

5  have not been exhausted in state court.  Moreover, as was the case in case number 1:10-00251-LJO-

6  DLB, Ground Two must be dismissed since a habeas claim cannot be predicated upon a claim for

7  restitution.  Accordingly, the Court will dismiss Ground Two and issue an Order to Show Cause why

8  Grounds One and Three should not be dismissed as untimely and unexhausted.

9                                              **DISCUSSION**

10          A.  Preliminary Review of Petition

11     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

12  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

13  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

14  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

15  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

16  dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

17  Cir.2001).

18     The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

19  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

20  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

21  Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in

22  Herbst.

23          B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

24     On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

25  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

26  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

27  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

28  (1997).  The instant petition was filed on October 20,  2009, and thus, it is subject to the provisions

                                                      4

1  of the AEDPA.

2  The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

3  petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d)

4  reads:

5  (1) A 1-year period of limitation shall apply to an application for a writ of habeas
   corpus by a person in custody pursuant to the judgment of a State court. The
6  limitation period shall run from the latest of –

7  (A) the date on which the judgment became final by the conclusion of direct
   review or the expiration of the time for seeking such review;
8
   (B) the date on which the impediment to filing an application created by
9  State action in violation of the Constitution or laws of the United States is removed, if
   the applicant was prevented from filing by such State action;
10
   (C) the date on which the constitutional right asserted was initially recognized by
11  the Supreme Court, if the right has been newly recognized by the Supreme Court and made
   retroactively applicable to cases on collateral review; or
12
   (D) the date on which the factual predicate of the claim or claims presented
13  could have been discovered through the exercise of due diligence.

14  (2) The time during which a properly filed application for State post-conviction or
   other collateral review with respect to the pertinent judgment or claim is pending shall
15  not be counted toward any period of limitation under this subsection.

16  28 U.S.C. § 2244(d).

17  In most cases, the limitation period begins running on the date that the petitioner's direct

18  review became final. Here, the Petitioner was convicted on September 15, 2000 for, inter alia,

19  kidnapping and sentenced to two consecutive life terms with the possibility of parole plus various

20  enhancements. (Case number 1:10-cv-00251-LJO-DLB ("No. 10-251"), Lodged Documents ("LD")

21  1). On direct appeal, the Court of Appeal, Fifth Appellate District ("5th DCA"), ruled that a two-year

22  enhancement imposed by the trial court violated the plea agreement and remanded the case for re-

23  sentencing on May 1, 2002. (No. 10-251, LD 2). On July 25, 2002, at the re-sentencing hearing, the

24  trial court re-sentenced Petitioner on the two-year enhancement pursuant to the terms of the plead

25  agreement. (Id., LD 3). Petitioner did not appeal the re-sentencing.

26  California state law governs the period within which prisoners have to file an appeal and, in

27  turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d

28  1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California

5

conviction becomes final 60 days after the superior court proceedings have concluded, citing prior

Rule of Court, Rule 31(d)).  Pursuant to California Rules of Court, Rule 8.308(a), a criminal

defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of

judgment.  See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule

of Court, Rule 31(d)).  Because Petitioner did not file a notice of appeal from his re-sentencing on

July 25, 2002, his direct review concluded on September 23, 2002, when the sixty-day period for

filing a notice of appeal expired.  The one-year period under the AEDPA would have commenced

the following day, on September 24, 2002, and Petitioner would have had one year from that date, or

until September 23, 2003, within which to file his federal petition for writ of habeas corpus.  See

Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As mentioned, the instant petition was filed on October 20, 2009, over six years after the date

the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or

equitable tolling, the instant petition is untimely and should be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

§ 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

delay in the intervals between a lower court decision and the filing of a petition in a higher court.

Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

(9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is

allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

1    appeal and the filing of an application for post-conviction or other collateral review in state court,

2    because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.

3    Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

4    a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a

5    federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120

6    (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,

7    2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already

8    run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

9    ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the

10   state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner

11   is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See

12   Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

13          The petition and the lodged documents filed in Respondent's motion to dismiss in case

14   number 1:10-00251-LJO-DLB, establish that Petitioner filed the following state habeas petitions

15   related to his 2000 Fresno County Superior Court conviction: (1) filed in the Fresno County Superior

16   Court in October  2007 and denied on October 19, 2007; (2) filed in the 5th DCA on June 10, 2009

17   and denied on June 19, 2009.  (Doc. 10, pp. 2-3; No. 10-251, LD 4, 5, & 6).

18          Even assuming, however, that these two state petitions were "properly filed" within the

19   meaning of the AEDPA, neither entitles Petitioner to statutory tolling since they were filed after the

20   one-year period expired in 2003.  A petitioner is not entitled to tolling where the limitations period

21   has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.

22   2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259

23   (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does

24   not permit the reinitiation of the limitations period that has ended before the state petition was

25   filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims

26   raised in state habeas corpus filed after expiration of the one-year limitations period).

27          Here, as mentioned, the limitations period expired on September 23, 2003, over four years

28   before Petitioner filed his first state habeas petition.  Accordingly, he cannot avail himself of the

1  statutory tolling provisions of the AEDPA.  Thus, unless Petitioner is entitled to equitable tolling, the

2  petition is untimely.

3          D.  Equitable Tolling

4          The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

5  equitable tolling in appropriate cases.  Holland v. Florida, __S.Ct.__, 2010 WL 2346549  *9

6  (U.S.S.C. June 14, 2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).

7  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a

8  prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d

9  1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external

10  forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim,

11  equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104,

12  1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing

13  two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

14  circumstance stood in his way."  Holland, 2010 WL 2346549 at *12; Pace v. DiGuglielmo, 544

15  U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under

16  AEDPA is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066

17  (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."

18  Miles, 187 F. 3d at 1107.

19          In this case, Petitioner has made no express claim of entitlement to equitable tolling and,

20  based on the record now before the Court, the Court sees no basis for such a claim.  Accordingly,

21  Petitioner is not entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.

22          E.  Failure To Exhaust State Remedies.

23          As an alternative and additional basis for dismissal of the petition, it appears that Petitioner

24  has failed to exhaust any of his three claims in state court.

25          A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

26  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

27  exhaustion doctrine is based on comity to the state court and gives the state court the initial

28  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

1  U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

2  1163 (9th Cir. 1988).

3          A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

4  full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

5  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

6  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

7  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

8  claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

9  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

10         Additionally, the petitioner must have specifically told the state court that he was raising a

11  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

12  (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

13  1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

14  Supreme Court reiterated the rule as follows:

15         In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
       remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order
16       to give the State the "opportunity to pass upon and correct alleged violations of the prisoners'
       federal rights" (some internal quotation marks omitted).  If state courts are to be given the
17       opportunity to correct alleged violations of prisoners' federal rights, they must surely be
       alerted to the fact that the prisoners are asserting claims under the United States Constitution.
18       If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied
       him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not
19       only in federal court, but in state court.

20  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

21         Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal
       claims in state court *unless he specifically indicated to that court that those claims were*
22       *based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since
       the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the*
23       *federal basis of the claim explicit either by citing federal law or the decisions of federal*
       *courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th
24       Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim
       would be decided under state law on the same considerations that would control resolution of
25       the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999);
       Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
26
27         In Johnson, we explained that the petitioner must alert the state court to the fact that the
       relevant claim is a federal one without regard to how similar the state and federal standards
28       for reviewing the claim may be or how obvious the violation of federal law is.

9

1    Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

2         Here, the amended petition indicates that while Petitioner has filed state habeas petitions in

3    the Superior Court and the 5th DCA, he has never presented any of the claims in the amended petition

4    to the California Supreme Court.  (Doc. 10, pp. 2-3).  Because Petitioner has not presented his claims

5    for federal relief to the California Supreme Court, the Court must dismiss the petition.  See Calderon

6    v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);  Greenawalt v. Stewart,

7    105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely

8    unexhausted.  Rose v. Lundy, 455 U.S. 509, 521-22 (1982);  Calderon, 107 F.3d at 760.

9         However, because it is possible that Petitioner has presented those three claims to the

10   California Supreme Court and simply failed to notify the Court of that fact, he will be given an

11   opportunity, in his response to the Order to Show Cause, to present documentation to that effect.  If

12   Petitioner is unable to establish, through documents and court filings, that he has presented all of his

13   claims to the California Supreme Court, the Court will have to dismiss the petition as entirely

14   unexhausted.

15        F.   Failure To State A Cognizable Habeas Claim As To Ground Two.

16        Ground Two alleges that the trial court erred and abused its discretion in imposing an

17   excessive restitution fine without first conducting an inquiry into Petitioner's ability to pay.  (Doc.

18   10, p. 4).  As discussed below, challenges to restitution fines do not invoke the Court's habeas

19   jurisdiction and are not cognizable in habeas proceedings.

20        Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a

21   district court shall entertain an application for a writ of habeas corpus in behalf of a person in

22   custody pursuant to the judgment of a State court only on the ground that he is in custody in

23   violation of the Constitution or laws or treaties of the United States."  (Emphasis supplied).

24   The "in custody" requirement is jurisdiction for a federal habeas court.  Baily v. Hill, 599 F.3d 976,

25   978 (9th Cir. 2010).  In Baily, the Ninth Circuit observed that the "in custody" requirement of federal

26   habeas law has two aspects.  First, the petitioner must be "under the conviction or sentence under

27   attack at the time his petition is filed."  Baily, 599 F.3d at 978-979, quoting Resendiz v. Kovensky,

28   416 F.3d 952, 956 (9th Cir. 2005).  For this aspect of "in custody," actual physical custody is not

1    indispensable to confer jurisdiction; rather, the court will have habeas jurisdiction if a sufficient

2    "restraint on liberty," as opposed to a mere "collateral consequence of a conviction," exists. Id. at

3    979.  In this case, because Petitioner was in physical custody of Respondent at the time he filed the

4    instant petition, and has remained in the physical custody of Respondent throughout these

5    proceedings, this first aspect of the "in custody" requirement is not at issue.

6          The second aspect of "in custody," however, is fatal to Petitioner's habeas claim:

7          The plain meaning of the test of § 2254(a) makes clear that physical custody alone is
           insufficient to confer jurisdiction.  Section 2254(a)'s language permitting a habeas petition to
8          be entertained 'only on the ground that [the petition] is in custody in violation of the
           Constitution or laws or treaties of the United States," explicitly requires a nexus between the
9          petitioner's claim and the unlawful nature of the custody.

10         Giving the crucial statutory phrase within § 2254(a) its ordinary, natural meaning, we cannot
           but conclude that to sustain his habeas challenge, [petitioner] must show that his custody in
11         itself, or its conditions, offends federal law.  It is not enough for [petitioner] to say, in
           substance, my custody is okay and consistent with federal law, but I should not be burdened
12         by this restitution requirement.  What [petitioner] is required to pay in restitution is not by
           ordinary meaning a part of his custody.

13

14   Baily, 599 F.3d at 980. (Citations omitted).

15         In Baily, the petitioner, as is the case here in Grounds one, two, and four, had challenged only

16   his restitution fine.  After the above discussion, the Ninth Circuit flatly rejected habeas jurisdiction

     under such circumstances:
17

18         [Petitioner's] challenge to the restitution order lacks any nexus, as required by the plain test
           of § 2254(a), to his custody.  While [petitioner's] liberty has been severely restrained by his
19         conviction and custodial sentence, the remedy that [petitioner] seeks, the elimination or
           alteration of a money judgment, does not directly impact–and is not directed at the source of
20         the restraint on–his liberty.  If successful, [petitioner] could reduce his liability for restitution
           but would still have to serve the rest of his custodial sentence in the same manner; his remedy
21         would affect only the fact or quantity of the restitution that he has to pay to the victim.
           [Petitioner's] argument is only that he has been ordered to pay restitution "in violation of the
22         Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and not that his
           custody is unlawful.  That he is in physical custody while attacking the restitution order is
23         insufficient to confer jurisdiction over his habeas petition.

24   Baily, 599 F.3d at 981.

25         Ground two does not challenge any aspect of Petitioner's convictions in the Fresno County

26   Superior Court.  Rather, in that claim, Petitioner's only complaint is the legality and size of the

27   restitution fine that was imposed.  While Petitioner was clearly in the physical custody of

28   Respondent at the commencement of these proceedings, and while he remains in custody of

                                                   11

1  Respondent at this time, such physical custody is insufficient to confer habeas jurisdiction for

2  Ground Two. Id. In the absence of any challenge to Petitioner's conviction and sentence in Ground

3  Two, the required nexus between that claim and the unlawfulness of Petitioner's custody is absent.

4  Id. Accordingly, without habeas jurisdiction, the Court cannot proceed on Ground Two. Id.

5  Based on the foregoing, the Court will dismiss Ground Two as non-cognizable.

6  **ORDER**

7  For the foregoing reasons, the Court HEREBY ORDERS as follows:

8  1.  Ground Two in the amended petition (Doc. 10), is DISMISSED for failure to state a

9  claim upon which habeas relief can be granted.

10  **ORDER TO SHOW CAUSE**

11  For the foregoing reasons, the Court HEREBY ORDERS:

12  1.  Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service

13  of this Order why the amended petition, which now includes only Grounds One and

14  Three, should not be dismissed for violation of the one-year statute of limitations in 28

15  U.S.C. § 2244(d) and for lack of exhaustion.   In his response to this Order to Show

16  Cause, Petitioner should provide any evidence in his possession to establish his

17  entitlement to some form of tolling under the AEDPA sufficient to make the instant

18  petition timely, and/or proof that he has presented Grounds One and Three to the

19  California Supreme Court.

20  Petitioner is forewarned that his failure to comply with this order may result in a Order that

21  the Petition be dismissed pursuant to Local Rule 110.

22

23  IT IS SO ORDERED.

24  Dated:  **June 25, 2010**                                                  **/s/ Jennifer L. Thurston**
                                                                                          UNITED STATES MAGISTRATE JUDGE

25

26

27

28

12