1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT GONZALEZ GALVAN,            )    1:09-cv-01872-JLT HC
                                        )
12                    Petitioner,       )    ORDER DISMISSING AMENDED
                                        )    PETITION  FOR VIOLATION OF THE ONE-
13        v.                            )    YEAR STATUTE OF LIMITATIONS AND
                                        )    FOR LACK OF EXHAUSTION  (Doc. 10)
14                                      )
     DERRAL ADAMS,                      )    ORDER DIRECTING CLERK OF COURT
15                                      )    TO ENTER JUDGMENT AND CLOSE CASE
                      Respondent.       )
16   _____ )    ORDER DECLINING TO ISSUE
                                             CERTIFICATE OF APPEALABILITY
17

18                        **PROCEDURAL HISTORY**

19        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.   On November 2, 2009, Petitioner filed his written consent to the

21   jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 3).

22        Because of the unusual nature of this case's procedural history, the Court feels obliged to set

23   forth that history in some detail.  The instant federal petition for writ of habeas corpus was filed on

24   October 20, 2009.[1]  Because the original petition was filed on a form entitled "Petition for Issuance

25   _____

26        [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
     deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
27   clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
     mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
28   adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
     Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the

1

1  of Certificate of Appealability On Appeal From Denial of Writ of Habeas Corpus," and because that

2  form failed to include sufficient information for the Court to conduct its preliminary screening, the

3  Court, on January 19, 2010, ordered Petitioner to file an amended petition within thirty days. (Doc.

4  6).  The Court ordered the Clerk of the Court to send Petitioner a form for filing a petition for writ of

5  habeas corpus pursuant to 28 U.S.C. § 2254.

6       On February 16, 2010, the Court's electronic docket indicates that Petitioner filed a federal

7  petition in this Court that he may have intended to be the amended petition ordered by this Court on

8  January 19, 2010.  However, the document was not identified as an "amended petition;" therefore,

9  the Clerk of the Court, apparently believing it to be a new case, assigned the document a new case

10 number of 1:10-cv-00251-LJO-DLB.  A review of that case's docket indicates that the petition in

11 case number 1:10-cv-00251-LJO-DLB ("10-251"), like the instant petition, challenged Petitioner's

12 October 30, 2000 conviction in the Fresno County Superior Court.  Case number 10-251 raised two

13 claims: (1) the plea agreement was involuntary because Petitioner misunderstood the consequences,

14 i.e., the "excessive" restitution fine; and (2) trial court error in imposing an excessive restitution fine.

15      On March 17, 2010, the Magistrate Judge assigned to case number 10-251 issued Findings

16 and Recommendations to dismiss Ground Two as non-cognizable in a habeas proceedings.  (Doc. 6).

17 On April 15, 2010, the District Judge adopted those Findings and Recommendations and dismissed

18 Ground Two.  (Doc. 7).  On April 29, 2010, the Magistrate Judge in that case ordered Respondent to

19 file a response to the remaining claim, i.e., Ground One.  (Doc. 9).  On June 22, 2010, Respondent

20 filed a motion to dismiss Ground One as untimely and as being unexhausted.  (Doc. 13).

21      Meanwhile, in this case, the Magistrate Judge, unaware that what appears to be the amended

22 petition was actually filed by the Clerk of the Court as a new case, assumed that Petitioner had not

23 complied with the Court's order of January 19, 2010 to file an amended petition, and therefore

25 AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on
26 other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the
   earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v.
27 Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal
   petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature
28 appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for
   calculating the running of the statute of limitation.  Petitioner signed the original petition on October 20, 2009.  (Doc. 1, p.
   15).

2

issued, on April 5, 2010, an Order to Show Cause why the petition should not be dismissed for failure to comply with the Court's prior order.  (Doc. 7).  On April 19, 2010, Petitioner filed a response, stating in part, "On January [sic] I did file a amended petition on a proper habeas corpus form approved by the court.  I do apologize.  I was under the imprission [sic] that this was done.  I'm requesting an extension of time to file an amended petition."  (Doc. 8).  On April 21, 2010, the Court, still unaware of case number 10-251, issued an order granting Petitioner thirty days within which to file his amended petition.  (Doc. 9).  On May 10, 2010, Petitioner filed the instant first amended petition, raising three claims: (1) involuntary plea agreement due to Petitioner's mental condition at the time; (2) illegal and excessive restitution fine; and (3) ineffective assistance of counsel in failing to object to the illegal and excessive restitution fine.  (Doc. 10).

In cases such as this, where a copy of a petition or an amended petition has inadvertently been given a new case number and a second case has been opened, the Court would either consolidate those cases using the lower case number and construe the petition filed in the "new" case as an amended petition in the "old" case, or would dismiss the later case outright as duplicative if the two pleadings raised identical issues.  Unfortunately, however, neither alternative appears practical in this situation because the "first amended petition" in this case contains a claim, i.e., ineffective assistance of counsel, not included in the original petition in case number 1:10-00251-LJO-DLB.  Moreover, the cases are at different stages of litigation: the restitution claim in the latter case has already been dismissed by the District Judge in that case and Respondent has already responded to the remaining claim of an involuntary plea by claiming it should be dismissed as untimely and unexhausted.  Therefore, despite the obvious duplication of Court resources involved in addressing Petitioner's claims twice in separate cases before different judges, the two cases will nevertheless be allowed to proceed as they are presented postured.  However, the Court will take judicial notice of the Court's rulings in case number 10-251 as well as the pleadings, motions, and other documents filed therein.

After conducting a preliminary review of the first amended petition, it appeared to this Court that petition was untimely and should therefore be dismissed.   It also appeared that the claims raised therein had not been exhausted by Petitioner in state court.  Moreover, as was the case in case

number 10-251, it appeared that Ground Two must be dismissed since a habeas claim cannot be predicated upon a claim for restitution.  Accordingly, on June 28, 2010, the Court issued another Order to Show Cause, this time providing Petitioner with thirty days to file a response explaining why the petition should not be dismissed as both untimely and unexhausted.  (Doc. 11).  That Order to Show Cause also dismissed Ground Two.  (Id.).  On July 16, 2010, Petitioner filed his response. (Doc. 12).

## DISCUSSION

### A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  Herbst, at 1041-42.  By issuing the Order to Show Cause on June 28, 2010, the Court afforded Petitioner the notice required by the Ninth Circuit in Herbst.

### B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on October 20,  2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on September 15, 2000 for, inter alia, kidnapping and sentenced to two consecutive life terms with the possibility of parole plus various enhancements. (Case no. 10-251, Lodged Documents ("LD") 1). On direct appeal, the Court of Appeal, Fifth Appellate District ("5th DCA"), ruled that a two-year enhancement imposed by the trial court violated the plea agreement and remanded the case for re-sentencing on May 1, 2002. (No. 10-251, LD 2). On July 25, 2002, at the re-sentencing hearing, the trial court re-sentenced Petitioner on the two-year enhancement pursuant to the terms of the plead agreement. (Id., LD 3). Petitioner did not appeal the re-sentencing.

California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal

1   defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of

2   judgment.  See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule

3   of Court, Rule 31(d)).  Because Petitioner did not file a notice of appeal from his re-sentencing on

4   July 25, 2002, his direct review concluded on September 23, 2002, when the sixty-day period for

5   filing a notice of appeal expired.  The one-year period under the AEDPA commenced the following

6   day, on September 24, 2002, and Petitioner would have had one year from that date, or until

7   September 23, 2003, within which to file his federal petition for writ of habeas corpus.  See Patterson

8   v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

9        As mentioned, the instant petition was filed on October 20, 2009, over six years after the date

10  the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or

11  equitable tolling, the instant petition is untimely and should be dismissed.

12        C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

13        Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

14  application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

15  § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

16  governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

17  U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

18  petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

19  delay in the intervals between a lower court decision and the filing of a petition in a higher court.

20  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

21  by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

22  omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

23  536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

24  (9th Cir. 1999).

25        Nevertheless, there are circumstances and periods of time when no statutory tolling is

26  allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

27  appeal and the filing of an application for post-conviction or other collateral review in state court,

28  because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.

Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

The amended petition and the lodged documents filed in Respondent's motion to dismiss in case number 10-251, establish that Petitioner filed the following state habeas petitions related to his 2000 Fresno County Superior Court conviction: (1) filed in the Fresno County Superior Court in October  2007, and denied on October 19, 2007; (2) filed in the 5th DCA on June 10, 2009, and denied on June 19, 2009.  (Doc. 10, pp. 2-3; No. 10-251, LD 4, 5, & 6).

Even assuming, however, that these two state petitions were "properly filed" within the meaning of the AEDPA, neither entitles Petitioner to statutory tolling since they were filed *after* the one-year period expired in 2003.  A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

Here, as mentioned, the limitations period expired on September 23, 2003, over four years *before* Petitioner filed his first state habeas petition.  Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.  Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely.

1    D.  Equitable Tolling

2    The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

3    equitable tolling in appropriate cases.  Holland v. Florida, __S.Ct.__, 2010 WL 2346549  *9

4    (U.S.S.C. June 14, 2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).

5    The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a

6    prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d

7    1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external

8    forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim,

9    equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104,

10   1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing

11   two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

12   circumstance stood in his way."   Holland, 2010 WL 2346549 at *12; Pace v. DiGuglielmo, 544

13   U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under

14   AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066

15   (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."

16   Miles, 187 F. 3d at 1107.

17   In this case, Petitioner has made no express claim of entitlement to equitable tolling.  In his

18   response to the June 28, 2010 Order to Show Cause, however, Petitioner contends that he is not

19   versed in the law, that he only had limited access to the prison law library, that his attorney did not

20   fully explain to him the need to timely file a federal petition within one year, and that he was

21   unaware of the legal meaning of "restitution" until long after his sentence had been imposed.  (Doc.

22   12, p. 2).  These contentions, however, are insufficient to entitle Petitioner to equitable tolling based

23   on the standards set forth above.

24   A petitioner's ignorance of the law is not grounds for equitable tolling.  Raspberry v. Garcia,

25   448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d

26   905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law is unfortunate but

27   insufficient to establish cause);  Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945

28   F.2d 1331, 1335 (6th Cir.1991).  Also, unpredictable lockdowns or prison law library closures do not

1   constitute extraordinary circumstances warranting equitable tolling.  See United States v. Van Poyck,

2   980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters

3   and lockdowns at prison lasting several days and allegedly eliminating access to law library were not

4   extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v.

5   Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and

6   transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA]

7   statute of limitations.  Prisoners familiar with the routine restrictions of prison life must take such

8   matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged

9   lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL

10  775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary

11  circumstances warranting equitable tolling).

12         Petitioner's indigent status and limited legal knowledge is no different than the majority of

13  incarcerated prisoners attempting to file petitions for writ of habeas corpus.  Such circumstances are

14  not "extraordinary" and therefore do not justify equitable tolling.  If limited resources and lack of

15  legal knowledge were excuses for not complying with the limitations period, Congress would never

16  have enacted the AEDPA since most incarcerated prisoners share these same problems.

17         Finally, Petitioner's contention that his attorney failed to advise him of the need to file a

18  timely petition will not justify tolling the one-year period.   A "garden variety claim of excusable

19  neglect" or mere simple negligence by a petitioner's attorney does not constitute extraordinary

20  circumstances sufficient to warrant equitable tolling.  Holland, 2010 WL 2346549,  *13; Lawrence v.

21  Florida, 421 F.3d 1221 (11th Cir. 2005), aff'd, 549 U.S. 327, 336, 127 S.Ct. 1079; Frye v. Hickman,

22  273 F.3d 1144, 1146 (9th Cir. 2001).  At most, Petitioner's contentions, if true, establish simple, but

23  not gross, negligence on the part of his attorney.  Accordingly, Petitioner is not entitled to equitable

24  tolling.  Thus, the petition is untimely and must be dismissed.

25         E.   Failure To Exhaust State Remedies.

26         As an alternative and additional basis for dismissal of the petition, Petitioner has failed to

27  exhaust either of his two remaining claims in state court.

28         A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

9

1    petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

2    exhaustion doctrine is based on comity to the state court and gives the state court the initial

3    opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

4    U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

5    1163 (9th Cir. 1988).

6         A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

7    full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

8    Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

9    F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

10   and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

11   claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

12   U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

13        Additionally, the petitioner must have specifically told the state court that he was raising a

14   federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

15   (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

16   1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

17   Supreme Court reiterated the rule as follows:

18        In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
          remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order
19        to give the State the "opportunity to pass upon and correct alleged violations of the prisoners'
          federal rights" (some internal quotation marks omitted).  If state courts are to be given the
20        opportunity to correct alleged violations of prisoners' federal rights, they must surely be
          alerted to the fact that the prisoners are asserting claims under the United States Constitution.
21        If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied
          him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not
22        only in federal court, but in state court.

23   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

24        Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal
          claims in state court unless he specifically indicated to that court that those claims were
25        based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since
          the Supreme Court's decision in Duncan, this court has held that the petitioner must make the
26        federal basis of the claim explicit either by citing federal law or the decisions of federal
          courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th
27        Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim
          would be decided under state law on the same considerations that would control resolution of
28        the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999);

                                                 10

1    Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

2        In Johnson, we explained that the petitioner must alert the state court to the fact that the
     relevant claim is a federal one without regard to how similar the state and federal standards
3    for reviewing the claim may be or how obvious the violation of federal law is.

4    Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

5        Here, the amended petition indicates that, though Petitioner has filed state habeas petitions in

6    the Superior Court and the 5th DCA, he has never presented any of the claims in the amended petition

7    to the California Supreme Court.  (Doc. 10, pp. 2-3).  Because Petitioner has not presented his claims

8    for federal relief to the California Supreme Court, the Court must dismiss the petition.  See Calderon

9    v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);  Greenawalt v. Stewart,

10   105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely

11   unexhausted.  Rose v. Lundy, 455 U.S. 509, 521-22 (1982);  Calderon, 107 F.3d at 760.

12       Petitioner's response to the Order to Show Cause does not address his lack of exhaustion.

13   Thus, the Court has no alternative but to dismiss the petition as unexhausted.

14       Finally, the Court declines to issue a certificate of appealability.  A state prisoner seeking a

15   writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition,

16   and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336

17   (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28

18   U.S.C. § 2253, which provides as follows:

19       (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge,
         the final order shall be subject to review, on appeal, by the court of appeals for the circuit in
20       which the proceeding is held.
         (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a
21       warrant to remove to another district or place for commitment or trial a person charged with a
         criminal offense against the United States, or to test the validity of such person's detention
22       pending removal proceedings.
         (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not
23       be taken to the court of appeals from--
             (A) the final order in a habeas corpus proceeding in which the detention
24           complained of arises out of process issued by a State court;  or
             (B) the final order in a proceeding under section 2255.
25       (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made
         a substantial showing of the denial of a constitutional right.
26       (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or
         issues satisfy the showing required by paragraph (2).
27

28       If a court denied a petitioner's petition, the court may only issue a certificate of appealability

                                            11

1    when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. §

2    2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists

3    could debate whether (or, for that matter, agree that) the petition should have been resolved in a

4    different manner or that the issues presented were 'adequate to deserve encouragement to proceed

5    further'."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (*quoting* <u>Barefoot v. Estelle</u>, 463 U.S. 880,

6    893 (1983)).

7           In the present case, the Court finds that Petitioner has not made the required substantial

8    showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.

9    Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal

10    habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.

11    Accordingly, the Court DECLINES to issue a certificate of appealability.

12    **ORDER**

13           Accordingly, the Court HEREBY ORDERS as follows:

14    1.   The amended petition for writ of habeas corpus (Doc. 10), is DISMISSED for failure to

15           comply with the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) and for lack of

16           exhaustion;

17    2.   The Clerk of the Court is DIRECTED to enter judgment and close the case; and,

18    3.   The Court DECLINES to issue a certificate of appealability.

19

20    IT IS SO ORDERED.

21    Dated:  __July 21, 2010__                           **/s/ Jennifer L. Thurston**

22                                             UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28